

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

James W. Weller
*Partner*
T 516-832-7543
jweller@nixonpeabody.com

50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
516-832-7500

March 28, 2017

*Via ECF*
Honorable Carol Bagley Amon
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Allstate Insurance Company, et al. v. Elite Medical Supply of New York, LLC, et al.*

Dear Judge Amon:

We are attorneys for Elite Medical Supply of New York, LLC ("Elite") and Gary Nikiel and write to request leave to file a partial motion to dismiss the complaint by Allstate Insurance Company and its affiliates (collectively "Plaintiffs" or "Allstate"), pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Allstate seeks to convert a longstanding and routinely arbitrated reimbursement dispute into a wide-ranging criminal fraud and racketeering claim in order to avoid payment of nearly $2 million owed to Elite. The business dispute largely centers on whether Elite is a "manufacturer" for the purposes of New York No-Fault billing and reimbursement – a term that Allstate admits is not defined in the New York No-Fault statutory scheme. For its claims, Allstate relies chiefly upon insinuation and innuendo from other cases and involving unrelated parties in an effort to impute "badges of fraud" upon Elite. Particulars concerning the alleged fraud are absent and/or irreconcilable, and the causes of action woefully fail to plead non-speculative, plausible claims for relief.

Elite distributes various durable medical equipment ("DME"), and manufactures the Elite Multi Mode Stimulator Kit ("MMS Kit"). The MMS Kit is a United States Food and Drug Administration ("USFDA") Class II Medical Device designed and approved to treat injured persons with interferential and/or neuromuscular electrical stimulation therapies. Elite receives a prescription from a duly-licensed physician or chiropractor, processes the prescription through the appropriate insurance carrier, and dispenses the DME, as appropriate. Allstate alleges that Elite has and continues to conspire with the co-defendant chiropractors (the "Chiropractor Defendants") by engaging in a two-prong scheme. The first prong of this alleged scheme includes the financial inducement of chiropractors to prescribe medically unnecessary DME. Yet, despite a complaint that numbers 38 pages (and 156 paragraphs), not one single instance is alleged where the DME prescribed was medically unnecessary. Rather than provide such necessary particulars, Allstate seeks to fill this fatal pleading void with vague and conclusory allegations that Elite's DME were "routinely prescribed," and such prescriptions were not "medically necessary." Complaint ¶¶ 96-102. The second prong of the alleged scheme focuses on Elite's reimbursement claims, submitted to Allstate under New York's No-Fault claims

Hon. Carol Bagley Amon
March 28, 2017
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

system.[1]

Allstate is not alone in their tactics, as other insurance carriers previously attempted to litigate the issues raised in this action (including purported "kickbacks" to chiropractors and alleged improper billing as a "manufacturer") in arbitration, only to have such arguments rejected in the vast majority of instances. Unsatisfied with previous results, Allstate now not only seeks declaratory relief to circumvent the statutory arbitration framework that has resolved disputes concerning the correct reimbursement formula for decades, but also claims fraud and racketeering.

**Allstate's Second (Racketeering) and Sixth (Fraud) Claims Are Ripe for Dismissal**:
Plaintiff's Second Cause of Action alleges that Elite's owner, Gary Nikiel, operated Elite as a RICO criminal enterprise. On its face, this claim fails because Allstate fails to plead facts separating Mr. Nikiel from the alleged criminal enterprise (Elite). Other than identifying Mr. Nikiel as the "owner and operator" of Elite, the complaint is entirely silent as to any specific alleged acts of Mr. Nikiel to direct the alleged criminal enterprise through racketeering, and conversely, Allstate fails to separate his conduct from the alleged nefarious conduct of Elite. The principle of *respondent superior* is not applicable to liability under 1962(c) of RICO. Such liability is predicated only on individual acts of racketeering that result in the infiltration or corruption of an "enterprise." *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 32 (1st Cir. 1986); *see Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013); *Baker v. IBP, Inc.*, 357 F.3d 685, 691 (7th Cir. 2004).

The alleged predicate acts of fraud are also insufficiently pled.[2] The alleged "misrepresentations" are mostly premised on how the New York No-Fault laws and regulations apply to Elite and whether Elite meets a legal definition of "manufacturer." Elite's position that it is a "manufacturer" of the MMS Kit for the purpose of billing at a certain rate under No-Fault is not a representation of "fact," but rather a legal opinion and contention that Elite has openly asserted and arbitrated for many years; this is insufficient as a matter of law to meet the elements of fraud or a RICO criminal predicate. *See Koagel v. Ryan Homes, Inc.*, 167 A.D.2d 822, 822 (4th Dep't 1990); Restatement (Third) of Torts: Liab. for Econ. Harm (Draft No. 2) § 14, cmt. *c*. Moreover, while admitting that the New York No-Fault laws do not define the term "manufacturer" and alleging that Elite's registration as a manufacturer with the USFDA stemmed from Elite's alleged misrepresentations to the USFDA (again, "upon information and belief"), no facts are provided to support a conclusion of fraudulent intent or scienter. "Acts done inadvertently, mistakenly, or in good faith without an intent to defraud do not satisfy the requirements of the statute.'" *N.Y. State Catholic Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 297 E.D.N.Y. 2015).[3]

---

[1] Prior to July 2014, Allstate often denied Elite's claims for reimbursement on the ground of lack of medical necessity, and it lost the vast majority of such cases in arbitrations authorized by New York's No-Fault framework.

[2] To the extent Allstate tries to allege that *Nikiel* or *Elite* knowingly submitted bills for medically unnecessary DME or did so upon inflated prices, the allegations are made "on information and belief;" which are insufficient to support claims for fraud and RICO. *See*, *e.g.*, Compl. ¶¶ 56, 60, 66, 72, 83, 84, 87, 88, 95, 96-102. *Potter v. Retail Automation Prods., Inc.*, 2014 U.S. Dist. LEXIS 15698, at 4 (S.D.N.Y. Feb. 4, 2014).

[3] Allstate attempts to smear Elite by alleging "kickback" payments to the Chiropractor Defendants under the guise of service agreements, which by their terms are to compensate the doctors for "fitting, instruction or other services."

Hon. Carol Bagley Amon
March 28, 2017
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Allstate's Fourth Cause of Action for Racketeering Is Also Invalid**: The Fourth Cause of Action is based upon the same deficiently-pled predicate acts alleged in support of the second cause of action and fails on that basis alone. It is additionally deficient in failing to adequately plead an "association-in-fact" enterprise. In order to meet a prima facie RICO case, each individual must be aware of the association-in-fact's conduct and play a role on its behalf, such as through committing a pattern that the members alone could not accomplish. *See FXDirectDealer*, 720 F.3d at 120–21. Contrary to a proper RICO "association-in-fact" enterprise, the alleged situation at bar fits squarely within the frame-work of a "hub and spoke" relationship, recently addressed by this Court in *Abbott Laboratories v. Adelphia Supply USA*, No. 15-CV-5826, 2017 WL 57802, at 5 (E.D.N.Y. Jan. 4, 2017). While the Complaint alleges relationships between each of the Chiropractor Defendants and Elite, no allegations are made (nor could they be plausibly made) of conduct in support of a common interest or that the Chiropractor Defendants functioned as a unit. As this Court recently held, "consistently both before and after *Boyle*, 'courts have held that allegations of a 'hub-and-spokes' structure… do not satisfy the enterprise element of a RICO claim.'" *Abbott Labs*, 2017 WL 57802, at 5.

**Allstate's Third and Fifth Causes of Action for RICO Conspiracy Are Deficient**: The third and fifth causes of action, which allege RICO conspiracy claims against all defendants, fail for numerous reasons. First, a RICO conspiracy claim cannot withstand a motion to dismiss when the elements of the substantive RICO provisions are, as here, not met. *See Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996). Allstate has also failed to make any non-conclusory allegations as to each alleged co-conspirator of: (1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; and (3) that the co-conspirator knowingly participated in the same. *Abbott Labs*, 2017 WL 57802, at 9. Plaintiff alleges no more than parallel conduct by the Chiropractor Defendants concerning their writing of prescriptions for Elite DME. Particulars regarding Mr. Nikiel's alleged joining of a RICO conspiracy and his role are also absent. The conspiracy claim against Elite must likewise fail as Elite may not conspire with itself, and Allstate may not rely on *respondeat superior*.

**Allstate's Seventh Cause of Action for Unjust Enrichment Is Duplicative**: Allstate bases its unjust enrichment claim on the same allegations supporting its fraud claims. As it is entirely duplicative of its fraud claim it cannot stand if the fraud count survives dismissal. *Abbott Labs*, 2017 WL 57802, at 10.

**Allstate's First Cause of Action for Declaratory Relief Should Be Dismissed for Arbitration**: Allstate's request for a declaration seeks only to forum-shop first-party claims for No-Fault benefits that it has recently denied (i.e., to adjudicate whether and how much Allstate owes Elite). However, at the option of a claimant in Elite's position, Allstate must permit arbitration of such claims. *Am. Indep. Ins. Co. v. Nova Acupuncture, P.C.*, 137 A.D.3d 1270, 1272 (2d Dep't 2016); N.Y. Ins. Law § 5106(b).

Accordingly, Defendants request leave to move for partial dismissal on the grounds stated above and ask that the Court schedule a conference to address the proposed motion.

---

As with most of the alleged predicate acts of fraud, the allegation that such payments were made regardless of the services performed is made "on information and belief," and only one case (out of 4,110 alleged claims of inflated bills) is cited in which a doctor purportedly failed to provide instruction to a patient on use of the MMS Kit, while no information is alleged as to actual payment to that doctor for instructional services. Compl. ¶ 57.

Hon. Carol Bagley Amon
March 28, 2017
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

Respectfully submitted,

James W. Weller

*Of Counsel*: Robert Trusiak, of Trusiak Law

cc: All parties of record (via ECF)

Case 1:17-cv-00443-CBA-JO Document 13 Filed 03/28/17 Page 4 of 4 PageID #: 168